**RANGER FUEL CORPORATION,**
**et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. CIV.A. 3:98cv370.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 28, 1998.

Robert Martin Rolfe, Hunton & Williams, David S. Lowman, Jr., Hunton & Williams, Richmond, VA, for Plaintiffs.

Debra Jean Prillaman, Office of U.S. Attorney, Richmond, Michael J. Martineau, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for U.S.

## DECLARATORY JUDGMENT AND ORDER

WILLIAMS, Senior District Judge.

This matter is before the Court on plaintiffs' motion for summary judgment. Plaintiffs' motion for summary judgment is GRANTED in part and CONDITIONALLY GRANTED in part. For the reasons stated in the accompanying Memorandum Opinion, the Court hereby DECLARES Section 4121 of the Internal Revenue Code, 26 U.S.C. § 4121, to be unconstitutional. The Court FINDS plaintiffs to have satisfied the prerequisites imposed by Title 26, United States Code Section 6416(a)(1)(d) for a refund of taxes paid as a result of sales to eleven of the fourteen foreign customers at issue in this case. Accordingly, the Court GRANTS plaintiffs JUDGMENT in the amount of $587,357.91, which represents an amount equal to taxes paid as a result of sales to those eleven foreign customers.

Additionally, the Court CONDITIONALLY GRANTS plaintiffs JUDGMENT in the amount of $51,590.09, which represents an amount equal to taxes paid as a result of sales to three foreign customers whose consent to this action has not yet been secured. This conditional judgment is subject to plaintiffs' provision of consent forms from the three remaining foreign customers to the government and the Court within thirty (30) days of entry hereof.

It is so Ordered.

Let the Clerk send a copy of this Order and the accompanying Memorandum Opinion to all counsel of record.

## MEMORANDUM OPINION

This matter is currently before the Court on plaintiffs' motion for summary judgment. The plaintiffs in this action are seven subsidiary coal corporations (the "Pittston Companies")[1] that export coal. Section 4121 of the Internal Revenue Code, 26 U.S.C. § 4121, imposes an excise tax (the "Coal Excise Tax") on American coal. The Pittston Companies seek a refund of amounts paid under the Coal Excise Tax and a declaration that the Coal Excise Tax is unconstitutional. For the reasons stated below, plaintiffs' motion is GRANTED in part and CONDITIONALLY GRANTED in part.

### FACTS

The material facts of this case are not in dispute. Each of the Pittston Companies exports coal for sale. During the tax quarter between January 1, 1997 and March 31, 1997 (the "Tax Quarter"), the Pittston Companies made export sales of 714,156.46 tons of coal to fourteen foreign customers.[2] Those sales collectively resulted in $678,948.00 in Coal Excise Tax payments. Each sale was effected when the coal was loaded onto export vessels. In each case, title to the coal passed directly from the Pittston Companies to the respective foreign customer.

On September 15, 1997, the Pittston Companies filed refund claims with the Internal Revenue Service (the "IRS") to recover these Coal Excise Tax payments. In their complaint, the Pittston Companies alleged that

---

1. The individual companies are the Ranger Fuel Corporation, Clinchfield Coal Company, Jewell Ridge Coal Corporation, Meadow River Coal Company, Paramount Coal Corporation, Motivation Coal Company and Pyxis Resources Company.

2. Those fourteen foreign customers and their respective countries are: Association Cooperative Zelandaise de Carbonization (Netherlands); ATIC Services Americans, Inc. (France); British Steel P.L.C. (England); Coal Products Limited (England); CSI Planos, S.A. (Spain); Companhia Siderugica De Tubarao (Spain); Al–Nasr Company for Coke and Chemicals (Egypt); Hoogovens Stall BVC (Netherlands); Italian Coke S.R.L. (Italy); Kobe Steel Ltd. (Japan); Nippon Steel Corporation (Japan); Pohang Iron and Steel Co., Ltd. (Korea); Siderurgica Lazaro Cardenas Las truchas, S.A. de C.V. (Mexico); and Transcor Energy S.A. (Belgium).

they satisfied all procedural requirements for a refund claim. Defendant admitted this allegation in its answer. The Pittston Companies have also filed written consent forms from eleven of the fourteen foreign customers allowing the Pittston Companies to claim a refund of excise taxes paid.[3] The IRS has taken no action on the refund claim.

## LEGAL ANALYSIS

The Coal Excise Tax was enacted to finance the Black Lung Disability Trust Fund. Unlike most manufacturers' excise taxes, which exempt export sales from federal taxation, the Coal Excise Tax applies to all sales of American coal, regardless of whether the coal is sold domestically or abroad. 26 U.S.C. § 4221 ("[N]o tax shall be imposed under this chapter (*other than Section 4121* ...) on the sale ... of an article ... for export ...") (emphasis added).

In contrast, the Constitution states that "[n]o Tax or Duty shall be laid on Articles exported from any State." U.S. Const., Art. I, § 9, cl. 5. Accordingly, the plaintiffs maintain that the Coal Excise Tax is unconstitutional. They seek a refund of all Coal Excise Taxes paid during the Tax Quarter. The government maintains that even if the Coal Excise Tax were found to be unconstitutional, the plaintiffs are not entitled to summary judgment because they have not fulfilled the statutory requirements for an excise tax refund claim.

■ Courts should avoid adjudication of constitutional issues unless necessary. *See United States v. National Treasury Employees Union*, 513 U.S. 454, 478, 115 S.Ct. 1003, 130 L.Ed.2d 964 (1995). Accordingly, the constitutionality of the Coal Excise Tax need only be analyzed if the Court determines that the Pittston companies have satisfied the statutory prerequisites for an excise tax refund claim.

## I. THE PREREQUISITES FOR AN EXCISE TAX REFUND CLAIM

To obtain a refund of an excise tax, a plaintiff must establish that the goods in question were in the stream of export when the excise tax was imposed and that the plaintiffs have fulfilled the requirements of Title 26, United States Code Section 6416(a). The government concedes that the coal at issue was placed into the stream of commerce when loaded on export vessels and title was transferred from the Pittston Companies to the foreign customers. Therefore, the only remaining prerequisite to an excise tax refund claim is satisfaction of Title 26, United States Code Section 6416(a).

■ That code section requires that the plaintiffs establish that they have "not included the tax in the price of the article ... not collected the amount of the tax from the person who purchased such article ... repaid the amount of the tax to the ultimate purchaser ... or filed with the Secretary the written consent" of the purchaser allowing the plaintiff to collect the tax refund. 26 U.S.C. § 6416(a). This statute is intended to "prevent[ ] unjust enrichment of manufacturers who have shifted the burden of the tax to their customers." *Tenneco, Inc. v. United States*, 17 Cl.Ct. 345, 349 (1989), *aff'd* 899 F.2d 1227 (Fed.Cir.1990). The plaintiff seeking the refund bears the burden of proving that the statute is satisfied. *Andrew Jergens Co. v. Conner*, 125 F.2d 686, 689 (6th Cir. 1942).

■ The Pittston Companies have provided written consent of eleven of the fourteen foreign customers allowing the Pittston Companies to collect the refund on the Coal Excise Tax paid as a result of sales to those foreign customers. This fact establishes the Pittston Companies' eligibility for a refund of the Coal Excise Taxes paid as a result of sales to those eleven foreign customers.

## II. THE CONSTITUTIONALITY OF THE COAL EXCISE TAX

The Export Clause in the Constitution unambiguously states: "No Tax or Duty shall

---

3. The foreign customers who have not yet provided consent forms are: Kobe Steel Ltd. (Japan); Nippon Steel Corporation (Japan); and Companhia Siderurgica De Tubarao (Spain). Sales to these three foreign customers resulted in Coal Excise Tax payments of $51,590.09. Sales to the eleven foreign customers who have provided consent forms resulted in Coal Excise Tax payments of $587,357.91.

be laid on Articles exported from any State." U.S. Const., Art. I., § 9, cl. 5. The Supreme Court's holdings applying the Export Clause are equally prohibitive. *See United States v. U.S. Shoe Corp.*, 523 U.S. 360, 118 S.Ct. 1290, 1292, 140 L.Ed.2d 453 (1998) (holding that "the Export Clause allows no room for any federal tax, however generally applicable or nondiscriminatory, on goods in export transit"); *United States v. International Business Machines Corp.*, 517 U.S. 843, 848, 116 S.Ct. 1793, 135 L.Ed.2d 124 (1996) (holding it "clear that the Export Clause strictly prohibits any tax or duty, discriminatory or not, that falls on exports during the course of exportation").

The Supreme Court has broadly proscribed excise taxes levied on a variety of goods. *See Id.*, 517 U.S. at 862, 116 S.Ct. 1793 (insurance policies); *A.G. Spalding & Bros. v. Edwards*, 262 U.S. 66, 43 S.Ct. 485, 67 L.Ed. 865 (1923) (sporting goods). Additionally, the Supreme Court has invalidated a variety of taxes as violative of the Export Clause. *See United States v. United States Shoe Corp.*, 523 U.S. 360, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998) (holding unanimously that harbor maintenance tax imposed on export cargo violates Export Clause); *Fairbank v. United States*, 181 U.S. 283, 21 S.Ct. 648, 45 L.Ed. 862 (1901) (holding that federal stamp tax imposed on bills of lading for export goods violates Export Clause).

■ The government has not provided and the Court is not able to discern any basis to distinguish the Coal Excise Tax from those held unconstitutional above. The blanket prohibition imposed by the Export Clause and the Supreme Court holdings interpreting that clause require this Court to hold the Excise Tax unconstitutional.

■ Having determined that the Pittston Companies have satisfied the statutory prerequisites for a tax refund claim for at least a portion of the Coal Excise Tax paid and having determined that the Coal Excise Tax violates the Export Clause, it is necessary to address the Coal Excise Taxes paid as result of sales to the three foreign customers that have not yet submitted the consent forms that would permit a refund claim. The Pittston Companies maintain that a taxpayer may fulfill the statutory prerequisites to an excise tax refund any time before a refund is actually issued. The Court agrees. The statute at issue limits the actual payment of a refund, but does not limit the taxpayer's underlying right to that refund. *See IBM v. United States*, 170 Ct.Cl. 357, 343 F.2d 914 (Ct.Cl.1965) (entering judgment on behalf of taxpayer and conditioning its eventual execution upon satisfaction of the statutory prerequisites); *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373 (Fed.Cir.1994) (same).

The Pittston Companies have already established their satisfaction of the statutory prerequisites for the refund of the Coal Excise Tax paid as a result of the sales to the eleven foreign customers who provided consent letters. Accordingly, the Court shall unconditionally enter judgment in the Pittston Companies' favor for an amount equal to the Coal Excise Tax paid as a result of sales to those eleven foreign customers. Additionally, the Court shall conditionally enter judgment in the Pittston Companies' favor for an amount equal to the Coal Excise Tax paid as a result of sales to the three remaining foreign customers subject to satisfaction within the next thirty (30) days of Title 26, United States Code Section 6416(a).

An appropriate Order shall issue.