**VENTURE COAL SALES COMPANY,**
Sanner Energies, Inc., and Future
Industries, Inc., Plaintiffs,

v.

**The UNITED STATES, Defendant.**

**No. 02–1455T.**

United States Court of Federal Claims.

June 24, 2003.

Vincent J. Barbera, Somerset, PA, for plaintiffs.

Robert Stoddart, Attorney, Court of Federal Claims Section, Tax Division, Department of Justice, Washington, D.C., with whom were Eileen J. O'Connor, Assistant Attorney General, Mildred L. Seidman, Chief, Court of Federal Claims Section, for defendant.

### Opinion and Order [1]

SYPOLT, Judge.

This case is before the court on defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Because plaintiffs' claim was not brought within the six-year statutory period provided by 28 U.S.C. § 2501(a), defendant's motion is granted.

---

1.  This opinion and order was originally filed on April 30, 2003. It is being re-issued for publication, with minor emendations, in response to defendant's June 13, 2003 request.

## Standard of Review

On a motion to dismiss pursuant to RCFC 12(b)(1), the court views the facts alleged in the complaint as true. *Pixton v. B & B Plastics, Inc.,* 291 F.3d 1324, 1326 (Fed.Cir. 2002) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Dismissal is inappropriate if the facts reveal any reasonable basis upon which the non-movant may prevail. *Id.*

A party seeking "the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists," *Awad v. United States,* 301 F.3d 1367, 1375 (Fed.Cir. 2002) (quoting *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991)), and must do so "by a preponderance of the evidence," *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). When jurisdictional facts are challenged, the court may consider evidence outside the pleadings. *See Reynolds,* 846 F.2d at 747.

### Subject Matter Jurisdiction

The United States Court of Federal Claims lacks jurisdiction to hear any claim that is not "filed within six years after such claim first accrues." 28 U.S.C. § 2501. This statutory period "is a jurisdictional requirement provided by Congress that must be strictly construed." *Bowen v. United States,* 292 F.3d 1383, 1385 (Fed.Cir.2002) (citing *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1577 (Fed.Cir.1988)).

"[F]iling within the six-year period [is] a condition of the waiver of sovereign immunity in the Tucker Act." *Frazer v. United States,* 288 F.3d 1347, 1351 (Fed.Cir.2002) (quoting *Caguas Central Federal Savings Bank v. United States,* 215 F.3d 1304, 1310 (Fed.Cir.2000)); *see United States v. Mottaz,* 476 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986) ("[when] waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity") (quoting *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983)).

## Discussion

■ Plaintiffs filed their complaint on October 23, 2002, seeking to recover taxes they paid pursuant to the Coal Sales Tax, 26 U.S.C. § 4121 (1994) ("Coal Tax"), for the first quarter of 1988 through the second quarter of 1995. The Coal Tax imposes a tax "on coal from mines located in the United States sold by the producer." Export sales of coal are not exempt from the Coal Tax. *See* 26 U.S.C. § 4221(a)(2) (1994) ("No tax shall be imposed under this chapter (*other than section 4121* ...) on the sale ... for export ...") (emphasis added). Plaintiffs seek to recover only their payments for coal produced and sold for export.

Plaintiffs argue that they are entitled to a refund because these taxes violate the Export Clause, U.S. Const. Art. I, § 9, cl. 5, as the United States District Court for the Eastern District of Virginia held in *Ranger Fuel Corporation v. United States,* 33 F.Supp.2d 466 (E.D.Va.1998). Plaintiff's claim in this court is founded on the "groundbreaking holding" of the United States Court of Appeals for the Federal Circuit, in *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1374 (Fed.Cir.2000), that claims for damages caused by Export Clause violations come within this court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1994).

Defendant, however, argues that plaintiffs did not file their claim within the Tucker Act's six-year statutory period because the taxes for which they are seeking compensation were paid more than seven years ago, between 1988 and 1995, whereas the complaint was not filed until the end of the third quarter of 2002. Plaintiffs assert that their action is timely because it was brought within six years of the *Ranger Fuel* decision, which held that the plaintiffs in that case were entitled to a refund of excise taxes they paid pursuant to the Coal Tax because the Coal Tax was unconstitutional as applied to exports. 33 F.Supp.2d 466.

A claim against the United States "first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Bowen v. United States,* 292 F.3d at

1385 (quoting *Chandler v. United States,* 47 Fed.Cl. 106, 113 (2000)); *Alliance of Descendants of Texas Land Grants v. United States,* 37 F.3d 1478, 1481 (Fed.Cir.1994) (citing *Japanese War Notes Claimants Ass'n v. United States,* 178 Ct.Cl. 630, 373 F.2d 356, 358 (1967)); *see also Nager Electric Co. v. United States,* 177 Ct.Cl. 234, 368 F.2d 847, 851 (1966).

In this case, a claim accrued each time the plaintiffs paid tax on coal sold for export. *Cf. Swisher International, Inc. v. United States,* 205 F.3d 1358, 1369 (Fed.Cir.2000), *cert. denied,* 531 U.S. 1036, 121 S.Ct. 624, 148 L.Ed.2d 533 (2000) (holding that a claim accrued upon payment of the unconstitutional Harbor Maintenance Tax for purposes of the Court of International Trade's two-year limitations period). Thus, plaintiffs were entitled to a refund either pursuant to the Internal Revenue Service refund procedures or based on a violation of the Export Clause, which is self-executing. *Cyprus Amax,* 205 F.3d at 1374.

If, as plaintiffs contend, their claim did not accrue until the *Ranger Fuel* case was decided, they do not come within the holding in *Ranger Fuel,* which awarded tax refunds to the plaintiffs based on accruals that accrued prior to the filing of the plaintiffs' complaint.

Plaintiffs' reasoning also was rejected by the Federal Circuit in *Catawba Indian Tribe of South Carolina v. United States,* 982 F.2d 1564, 1570 (Fed.Cir.1993), *cert. denied,* 509 U.S. 904, 113 S.Ct. 2995, 125 L.Ed.2d 689 (1993), holding that the tribe's takings claim began to run when Congress enacted the Termination Act, not when the statute's legal effect was decided by the Supreme Court. The Federal Circuit specifically held that a statute's effect and objective meaning are fixed when the statute is adopted, not when it is first construed by a court:

> While the Supreme Court's pronouncement ... might be relevant to fixing the time when the Tribe *subjectively* first knew what the Act meant, it is fundamental jurisprudence that the Act's *objective* meaning and effect were fixed when the Act was adopted. Any later judicial pronounce-

ments simply explain, but do not create, the operative effect.

*Id.* (emphasis in original) (citations omitted).

Similarly, plaintiffs' lack of subjective knowledge that the Coal Tax was unconstitutional until it was so held in *Ranger Fuel* is irrelevant because the unconstitutionality of the tax was fixed when it was enacted and plaintiffs' damages were established when they paid the unconstitutional tax.

Plaintiffs' argument that the six-year limitations period was *tolled* until the *Ranger Fuel* decision in 1998 because, until then, their claim was "inherently unknowable," is deficient for similar reasons.

To toll the statute of limitations, a claimant must "show either 'that defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was inherently unknowable at the accrual date.'" *Alliance of Descendants,* 37 F.3d at 1482 (quoting *Japanese War Notes,* 373 F.2d at 359). "Ignorance of rights which should be known" does not suffice to toll a statute of limitations. *Catawba Indian Tribe,* 982 F.2d at 1571 (quoting *Japanese War Notes,* 373 F.2d at 358–59).

Plaintiffs do not allege concealment or misleading conduct but, only again, that their claim was "inherently unknowable" until the *Ranger Fuel* decision, because acts of Congress are presumed to be constitutional. The presumption of constitutionality, however, is an element of the doctrine of judicial restraint with respect to legislative branch actions. *See United States v. Morrison,* 529 U.S. 598, 607, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000); *United States v. Lopez,* 514 U.S. 549, 568, 577–578, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (KENNEDY, J., concurring). *See also United States v. Harris,* 106 U.S. 629, 635, 1 S.Ct. 601, 27 L.Ed. 290 (1882) (holding: "Proper respect for a coordinate branch of the government requires the courts of the United States to give effect to the presumption that Congress will pass no act not within its constitutional power. This presumption should prevail unless the lack of constitutional authority to pass an act in question is clearly demonstrated").

The other cases relied upon by plaintiffs do not support their contention that the claim was "inherently unknowable" until the *Ranger Fuel* decision. Plaintiffs' reliance on *L.S.S. Leasing Corp. v. United States*, 695 F.2d 1359 (Fed.Cir.1982) is misplaced since it dealt with claim accrual, not tolling.

Plaintiffs also rely on *Virginia Dare Neely v. United States*, 546 F.2d 1059 (3d Cir.1976), and *United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353 (5th Cir.1972). These cases are not binding on this court and are clearly distinguishable, involving claims that were filed to obtain the benefit of a new constitutional rule that the Supreme Court expressly held to have retroactive application, in *United States v. United States Coin Currency*, 401 U.S. 715, 723–24, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971).

In *Neely*, the Third Circuit merely held that the Tucker Act's six-year limitations period was suspended as to claims for refund of fines and costs paid to the government in connection with convictions later held to be unconstitutional. Given its inability to predict the change in the law effected by the Supreme Court, the Third Circuit stated, "To require clairvoyance in predicting new jurisprudential furrows plowed by the Supreme Court, under these circumstances, would be to impose an unconscionable prerequisite to asserting a timely claim." *Neely*, 546 F.2d at 1068. In effect, the Supreme Court created a new cause of action; the plaintiffs in *Neely* and *Red Chevrolet*, unlike the plaintiffs here, could not have filed their claims earlier because they had no grounds for a claim until the Supreme Court announced its new constitutional rule in *Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and *Grosso v. United States*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

Plaintiffs point to no decision they relied upon that was reversed by the *Ranger Fuel* decision, nor any decision that would have made their cause of action unknowable prior to the district court decision. Although their cause of action was untested, the courts were completely open to them as they were to the plaintiffs in *Ranger Fuel*. Plaintiffs' choice not to file their claim based on their subjective ignorance that they had a cause of ac-

tion, until the plaintiffs in *Ranger Fuel* succeeded, cannot provide them with a basis for tolling the Tucker Act's six-year statute of limitations. *See Boling v. United States*, 220 F.3d 1365 (Fed.Cir.2000) (holding that adverse precedent, which made claim more difficult, did not provide basis for equitable tolling); *Menominee Tribe of Indians v. United States*, 726 F.2d 718, 720–21 (Fed.Cir. 1984), *cert. denied*, 469 U.S. 826, 105 S.Ct. 106, 83 L.Ed.2d 50 (1984) (holding that ignorance of legal rights will not toll a statute). Such reasoning could double the statutory period wherever a pioneering complaint is filed at the end of an initial period.

Finally, plaintiffs argue that the Due Process Clause of the Fifth Amendment permits them "to meaningful backward looking relief" for *each* year that they paid taxes pursuant to the unconstitutional statute. In essence, plaintiffs argue that the statute of limitations should not apply because their claim is based on an unconstitutional tax. The decisions in *McKesson Corp. v. Division of Alcoholic Beverages and Tobacco*, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990) and *Stone Container Corp. v. United States*, 229 F.3d 1345 (Fed.Cir.2000) do not, as they claim, support these contentions.

In *McKesson*, the Supreme Court reversed a Florida Supreme Court decision holding that taxpayers were not entitled to a tax refund, even though the tax at issue unconstitutionally discriminated against interstate commerce. The Court held that "the Due Process Clause of the Fourteenth Amendment obligates the State to provide meaningful backward-looking relief," *McKesson*, 496 U.S. at 31, 110 S.Ct. 2238, but permitted a state to "enforce relatively short statutes of limitations applicable to such actions." *Id.* at 45, 110 S.Ct. 2238.

The Federal Circuit in *Stone Container Corp.*, consistent with *McKesson*, expressly rejected the argument that it would be impermissible to apply a statute of limitations to bar recovery of an unconstitutional tax. *Stone Container Corp.*, 229 F.3d at 1349–50. The Federal Circuit pointed out that the federal government can enforce such a statute of limitations because a claim for refund of an unconstitutional tax is, in effect, a claim

for deprivation of property without due process, which, as the Supreme Court has held, may be time-barred. *Id.* at 1350 (citing *Block v. North Dakota,* 461 U.S. 273, 292, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) and *Boling v. United States,* 220 F.3d 1365, 1375 (Fed. Cir.2000)).

### *Conclusion*

Defendant's motion to dismiss plaintiffs' complaint for lack of jurisdiction is granted. The clerk of the court shall enter judgment for defendant. No costs.