NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5109

DONALD J. STRABLE,

Appellant,

v.

UNITED STATES,

Appellee.

_____

DECIDED:  December 7, 2004

_____

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

## DECISION

Donald J. Strable appeals from the decision of the Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction.  Strable v. United States, No. 03-2831C (Fed. Cl. May 20, 2004).  We affirm.

## BACKGROUND

Mr. Strable applied for Supplemental Security Income benefits under Title XVI of the Social Security Act in August 2000.  An Administrative Law Judge ("ALJ") denied the application, finding that Strable had an income level that exceeded the maximum federal

benefit rate for eligibility. Strable filed a request for review of the ALJ's decision, which the Social Security Administration Appeals Council denied in March 2003. He next sought relief in the United States District Court for the District of South Carolina. In September 2003, United States Magistrate Judge William Catoe determined that the ALJ's decision was supported by substantial evidence and upheld that decision. Strable then filed a motion to replace the magistrate judge, alleging bias. Magistrate Judge Catoe denied the motion as unsubstantiated.

In December 2003, Strable filed a complaint in the United States Court of Federal Claims, arguing that the district court's decision should be overturned. The government filed a motion to dismiss for lack of subject matter jurisdiction. The court determined that it lacked jurisdiction over Strable's underlying claim for Social Security benefits and granted the government's motion. Strable timely appealed to this court; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review legal determinations de novo, including the dismissal of a complaint by the Court of Federal Claims for lack of subject matter jurisdiction. Venture Coal Sales Co. v. United States, 370 F.3d 1102, 1104 (Fed. Cir. 2004).

On appeal, Strable argues that the Court of Federal Claims erred by dismissing his case for lack of jurisdiction. Ultimately, it appears that he is seeking increased Social Security benefits. However, 42 U.S.C. § 405(g) provides that an action seeking review of a final decision by the Commissioner of Social Security "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides,

or has his principal place of business . . . ." Strable seems to have taken that action and cannot continue to litigate in the Court of Federal Claims.

Courts have consistently held that jurisdiction over Social Security cases resides exclusively in the federal district courts, not the Court of Federal Claims. Weinberger v. Salfi, 422 U.S. 749, 756-767 (1975); Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990). The Court of Federal Claims was thus correct to conclude that it lacked jurisdiction to consider either the administrative determinations or the federal district court's decision. Strable's allegations that the federal magistrate judge violated his Constitutional rights do not confer jurisdiction upon the Court of Federal Claims. Furthermore, Strable's arguments regarding alleged treaty violations are not persuasive and do not alter the operation of § 405(g) limiting jurisdiction over Social Security cases to the federal district courts. We therefore conclude that the court properly dismissed the complaint for lack of subject matter jurisdiction, and we accordingly affirm.