NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5133

FREDERICK J. SONNENFELD,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  November 14, 2005

_____

Before MICHEL, LOURIE, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Frederick J. Sonnenfeld appeals from the decision of the United States Court of Federal Claims (the "trial court"), awarding summary judgment to the United States (the "government") on his claim for student loan repayment under the Department of Army's Student Loan Repayment Program ("SLRP"), and dismissing his Fifth Amendment claim.  Sonnenfeld v. United States, No. 03-1345 (Fed. Cl. April 27, 2005) ("Decision").  Because the trial court did not err in granting summary judgment, we affirm.

BACKGROUND

Mr. Sonnenfeld, a prior service soldier, re-enlisted in the United States Army Reserve under the Military Occupation Specialty ("MOS"), 71L-administration, on November 6, 1993. Decision, slip op. at 1. At that time, he signed a re-enlistment agreement purporting to enroll him in the SLRP. Id. The SLRP is part of the Department of Army's Selected Reserve Incentive Program, which authorizes bonuses and repayment of educational loans. Id., slip op. at 2. In March 1998, Mr. Sonnenfeld submitted a request for reimbursement of a portion of his student loan to the Department of Army, and was informed that he was not eligible for the program. Id. The 104th Division Retention Officer submitted a request for an exception to the policy on Mr. Sonnenfeld's behalf that was supported by his commander, but that request was denied on July 26, 1999. Id. Mr. Sonnenfeld filed a complaint in the United States District Court for the District of Colorado seeking $20,000 for breach of contract, and the case was transferred to the Court of Federal Claims. Id. Mr. Sonnenfeld then filed a complaint in the Court of Federal Claims. Id.

On September 24, 2004, the Court of Federal Claims dismissed Mr. Sonnenfeld's claims based on the re-enlistment agreement and on tort law for lack of subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1). Id. However, the court found that it did have jurisdiction under the Tucker Act over Mr. Sonnenfeld's claim based upon Army Regulation 135-7. Id. Subsequently, the government moved to dismiss or, in the alternative, for summary judgment on the ground that Mr. Sonnenfeld was ineligible for the SLRP at the time of his re-enlistment. Id.

The trial court considered the government's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Court of Federal Claims ("RCFC") as a motion for summary judgment, and granted the motion on April 27, 2005. The court held that Mr. Sonnenfeld was ineligible for the SLRP because the provision of the Army Regulation 135-7 upon which he relied, ¶ 5.1-3(c) (eff. July 1, 1990), was rescinded before he re-enlisted, and Public Law 99-145 does not provide a remedy in this case. Id., slip op. at 4. The court also dismissed Mr. Sonnenfeld's Fifth Amendment claim for lack of subject matter jurisdiction because the due process and equal protection clauses of the Fifth Amendment are not money-mandating, as required by the Tucker Act, 28 U.S.C. § 1491(a)(1). Id., slip op. at 5-6. Mr. Sonnenfeld now appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review a grant of summary judgment by the Court of Federal Claims de novo. Winstar Corp. v. United States, 64 F.3d 1531, 1539 (Fed. Cir. 1995) (en banc), aff'd, 518 U.S. 839 (1996). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." RCFC 56(c). We also review legal determinations de novo, including the dismissal of a complaint by the Court of Federal Claims for lack of subject matter jurisdiction. Venture Coal Sales Co. v. United States, 370 F.3d 1102, 1104 (Fed. Cir. 2004).

On appeal, Mr. Sonnenfeld raises three challenges to the decision of the trial court. First, he argues that his eligibility for the SLRP is governed by the July 1, 1990 version of Army Regulation 135-7 ¶ 5.1-3(c) rather than the October 1, 1994 version

because the change to the former provision was not authorized by the Administrative Assistant to the Secretary of the Army. Appellant's Br. at 1-2. Secondly, Mr. Sonnenfeld argues that the trial court erred in not requiring the government to produce documents regarding the change to Army Regulation 135-7 ¶ 5.1-3(c) (eff. July 1, 1990), pursuant to his Freedom of Information Act (FOIA) request. Id. at 2-3. Third, Mr. Sonnenfeld argues that because he was promised the SLRP at the time of re-enlistment, the government's failure to honor its commitment violates the Fifth Amendment. Id. at 4.

The government responds that the rescission of Army Regulation 135-7 ¶ 5.1-3(c) (eff. July 1, 1990) was properly authorized, and became effective January 1, 1992. Appellee's Br. at 10-11. Secondly, the government argues that its failure to produce documents pursuant to Mr. Sonnenfeld's FOIA request is not properly before this court because Mr. Sonnenfeld has raised this issue for the first time on appeal. Id. at 6-7. The government maintains that even if Mr. Sonnenfeld had raised the FOIA issue below, the trial court would have lacked subject matter jurisdiction to consider such a claim because the Tucker Act does not confer jurisdiction over non-money-mandating claims. Id. at 7-8. Third, the government argues that the trial court lacked jurisdiction to entertain Mr. Sonnenfeld's Fifth Amendment claim because the Fifth Amendment does not mandate payment of money damages for alleged violations. Id. at 11-12.

We agree with the government that the trial court did not err in granting summary judgment. Army Regulation 135-7 ¶ 5.1-3 (eff. July 1, 1990) provides that prior service ("PS") applicants and in-service personnel are eligible for the SLRP if they "contract for an MOS in which they are qualified, or in a critical MOS that has been established by

Headquarters, Department of Army for the SLRP increased incentive." However, the Department of Army rescinded that provision in the October 1, 1994 version, which struck out the clause reading "PS applicants and in-service personnel who contract for an MOS in which they are qualified" and added, "[e]xcept under the drill sergeant program, contracts on or after 1 Jan 92 to serve in an MOS authorized by HQDA for the SLRP incentive." In the trial court, Mr. Sonnenfeld, relying on the July 1, 1990 version of Army Regulation 135-7 ¶ 5.1-3, contended that he was eligible for the SLRP incentive because he was a prior service soldier who contracted for and remained in an MOS in which he was already qualified. Decision, slip op. at 4. The trial court rejected his argument because the Department of Army rescinded that provision, effective January 1, 1992. Id. We agree with the trial court's analysis.

Mr. Sonnenfeld provides no evidence to support his argument that the change to Army Regulation 135-7 ¶ 5.1-3 (eff. July 1, 1990) originated with the United States Army Recruiting Command (USARC), and therefore was not authorized before the date of his enlistment. Appellant's Br. at 1. Lieutenant Colonel Kenneth D. Curry asserted in his declaration that a January 1992 USARC message informed commanders of a change in Army Regulation 135-7 ¶ 5.1-3(c) (eff. July 1, 1990) that was made by the Department of Army. Appellee's Supp. App. at 26. The USARC message also states that it was a "retransmission in part and [was] combined with other referenced messages," including a January 1991 message from Headquarters Department of Army. Id. at 57-58. Even though the government did not submit the actual communication into evidence, there is no genuine issue of material fact that the Department of Army sent the message effecting the change to Army Regulation 135-7 ¶ 5.1-3 (eff. July 1, 1990).

Because the Department of Army was the originator of the message rescinding Army Regulation 135-7 ¶ 5.1-3(c) (eff. July 1, 1990), the change was authorized, and took effect on January 1, 1992. The fact that Mr. Sonnenfeld re-enlisted before the rescission was published in the next printing of the regulation does not change the effective date of the amendment. Therefore, the court properly concluded that the regulation on which Mr. Sonnenfeld relies, Army Regulation 135-7 ¶ 5.1-3(c) (eff. July 1, 1990), was rescinded before Mr. Sonnenfeld re-enlisted in November 1993, and does not benefit him.

Mr. Sonnenfeld contends that the trial court erred in not requiring the government to produce documents responsive to his FOIA request. Appellant's Br. at 2-3. Because Mr. Sonnenfeld raises this argument for the first time on appeal, we decline to consider it. Gant v. United States, 417 F.3d 1328, 1332 (Fed. Cir. 2005) ("Arguments not made in the court or tribunal whose order is under review are normally considered waived.").

Finally, the trial court was correct in holding that it lacked jurisdiction to consider Mr. Sonnenfeld's Fifth Amendment claim. Decision, slip op. at 5-6. The Tucker Act confers jurisdiction in the Court of Federal Claims over claims against the United States founded upon the Constitution, an Act of Congress, a regulation of an executive department, or an express or implied contract. 28 U.S.C. § 1491(a)(1). Courts have consistently construed this provision as limiting the Court of Federal Claims' jurisdiction to money-mandating claims, i.e., where the Constitution, regulation, or statute require compensation by the government for any damage sustained. Smith v. Secretary of Army, 384 F.3d 1288, 1292 (Fed. Cir. 2004). The Fifth Amendment does not mandate compensation by the government to Mr. Sonnenfeld for alleged violations of due

process and equal protection.  Further, Mr. Sonnenfeld has not alleged a taking of any property interest under the Fifth Amendment that would require compensation. Therefore, the court did not err in dismissing Mr. Sonnenfeld's Fifth Amendment claim.

We have considered Mr. Sonnenfeld's remaining arguments and find them unpersuasive.  We therefore affirm the decision of the trial court granting the government's motion for summary judgment and dismissing Mr. Sonnenfeld's complaint.