**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM A. SHIPLEY,

      Plaintiff - Appellant,

v.

INTERNAL REVENUE SERVICE,

      Defendant - Appellee.

No. 05-3273
(D. Kansas)
(D.Ct. No. 04-CV-2573-JWL)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

William A. Shipley, appearing *pro se*,[1] filed suit against the Internal

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

Revenue Service (IRS) under 26 U.S.C. § 7433[2] for imposing a levy against his social security payments. The district court dismissed for lack of subject matter jurisdiction. We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

**Background**

In July 1995, the IRS assessed federal taxes and penalties against Shipley for the 1990 tax year. Shipley failed to pay the taxes and penalties. The IRS issued Shipley a notice of intent to levy in April 1999. Shipley unsuccessfully challenged the levy in federal district court. *See Shipley v. IRS*, 2000 WL 575019 (D. Kan. Mar. 30, 2000). From January 2, 2000, until November 4, 2002, the IRS collected 100 percent of Shipley's social security payments. Following several unsuccessful attempts to obtain an administrative hearing from the IRS, Shipley filed suit in federal court on November 29, 2004, alleging the IRS fraudulently collected all of his social security checks pursuant to the levy. The district court dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because Shipley filed suit more than two years after the commencement of the levy in

---

[2] 26 U.S.C. § 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

January, 2000.

**Discussion**

The district court's dismissal of a taxpayer's claim for lack of subject-matter jurisdiction is reviewed de novo. *Colo. Envtl. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). Section 7433 conditionally waives the United States' sovereign immunity from tax refund suits, but limits taxpayer suits to "within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). *See Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999) ("[S]ection 7433's limited waiver to the government's sovereign immunity must be read narrowly."). The right of action accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. §301.7433-1(g)(2). Because the "time-bar qualifies [as] a waiver of sovereign immunity," it is jurisdictional in nature. *Dahn v. United States*, 127 F.3d 1249, 1252 (10th Cir. 1997).

According to Shipley, the statute of limitations should not be triggered until February 23, 2004; the date he discovered by letter that the IRS was only allowed to issue levies up to fifteen percent of his social security payments. He errs. Shipley is charged with knowledge of the law. *Dziura v. United States*, 168 F.3d 581, 583 (1st Cir. 1999). Assuming the IRS did violate a fifteen percent limit on social security checks, ignorance of the law does not toll a statute of limitations.

*See Venture Coal Sales Co. v. United States*, 370 F.3d 1102, 1107 (Fed. Cir.), *cert. denied,* 543 U.S. 1020 (2004). Ordinarily, a right of action accrues when the levy commences; here January 2, 2000, when the IRS made its first allegedly wrongful seizure of Shipley's social security check. *See Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 637 (5th Cir. 2003). The district court allowed for the possibility that Shipley might acquire additional facts essential to his claim during the pendency of the levy and generously set the starting date at November 4, 2002; the date the levy ended. In either event, Shipley's suit is time-barred as it was filed more than two years after both dates.

The district court properly dismissed Shipley's complaint. AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge