NEWMAN, Circuit Judge,
dissenting.
The threshold question is whether, more than six years before this suit was filed, all of the events occurred whereby government action can be held to have permanently deprived JRS & G of its property rights. This is a question of fact, and its answer determines whether this lawsuit was timely brought. However, it is not a question of “jurisdiction,” for the Court of Federal Claims, without dispute, had jurisdiction of the parties and the subject mat *1362 ter. See United States v. Causby, 328 U.S. 256, 267, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946) (“If there is a taking, the claim is ‘founded upon the Constitution’ and within the jurisdiction of the Court of Claims to hear and determine”). The text of the statute confirms that the limitations period is applied to claims of which the Court of Federal Claims already “has jurisdiction”:
28 U.S.C. § 2501. Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
Contrary to the position of the panel majority, the limitations period is not itself a matter of jurisdiction. See Ariadne Fin. Servs. Pty. Ltd. v. United States, 133 F.3d 874, 878 (Fed.Cir.1998) (the “statutory language confirms that the question of a time bar on [plaintiffs] claim does not affect the subject matter jurisdiction of the Court of Federal Claims”); Grass Valley Terrace v. United States, 69 Fed.Cl. 341, 347 (2005) (“This plain English interpretation of the statute is supported by the Federal Circuit cases that have closely examined this issue”) (emphasis in original). My colleagues read the phrase “has jurisdiction” out of the statute and thereby violate the “cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.” TRW Inc. v. Andrews, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001). Their interpretation is also inconsistent with the trial court’s own rules, which state that the “statute of limitations” is an “affirmative defense.” Rule of the Court of Federal Claims 8(c).
The panel majority reasons that § 2501 is “jurisdictional” because it is a “condition that must be met for a waiver of sovereign immunity in a suit for money damages against the United States.” Maj. op. at 1355. That is incorrect. Section 2501 is an unexceptional statute of limitations that is interpreted like any other statute of limitations. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (statutes of limitations on suits against the government should be treated “in the same way” as statutes of limitations in private suits); Franconia Associates v. United States, 536 U.S. 129, 145, 122 S.Ct. 1993, 153 L.Ed.2d 132 (2002) (“limitations principles should generally apply to the Government in the same way that they apply to private parties”). In Franconia Associates the Court rejected the government’s attempt to ascribe a “special” interpretation to § 2501 on a theory of sovereign immunity:
We do not agree that § 2501 creates a special accrual rule for suits against the United States. Contrary to the Government’s contention, the text of § 2501 is unexceptional: A number of contemporaneous state statutes of limitations applicable to suits between private parties also tie the commencement of the limitations period to the date a claim “first accrues.” ... In line with our recognition that limitations principles should generally apply to the Government “in the same way that” they apply to private parties, we reject the Government’s proposed construction of § 2501. That position, we conclude, presents an “unduly restrictive” reading of the congressional waiver of sovereign immunity, rather than “a realistic assessment of legislative intent.”
536 U.S. at 145, 122 S.Ct. 1993 (internal citations omitted). My colleagues make the same mistake; they fail to see § 2501 for what it is: an “unexceptional” statute of limitations that is interpreted like any other. Instead, they impose an “unduly restrictive” interpretation on § 2501, *1363 transforming it into a “jurisdictional” statute, contrary to the statutory text, and contrary to precedent.
The panel majority relies on Supreme Court cases interpreting a superceded statute, and Federal Circuit panel decisions applying overruled precedent. For example, Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed.Cir.1988) relies on Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957), which interprets § 2501 as a jurisdictional bar not subject to tolling. The Court in Irwin overruled Soriano, and clarified that limitations principles apply to the government “in the same way” as they are applied to private parties, e.g., they may be tolled or waived in appropriate circumstances. Irwin, 498 U.S. at 94-96, 111 S.Ct. 453. My colleagues cite Goodrich v. United States, 434 F.3d 1329, 1336 (Fed.Cir.2006), and Caguas Cent. Fed. Savings Bank v. United States, 215 F.3d 1304, 1310 (Fed.Cir.2000), which rely solely on Hopland. They also cite Frazer v. United States, 288 F.3d 1347, 1351 (Fed.Cir.2002), which cites Caguas, and Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1378 (Fed.Cir. 2005), which cites Hart v. United States, 910 F.2d 815, 818-19 (Fed.Cir.1990), a case also citing Hopland. None of these cases grounded on Hopland accounts for the Court’s recent jurisprudence, under which it is clear that it is incorrect to accord unique status to § 2501 and hold that it is a limit on “jurisdiction.” My colleagues also cite Martinez v. United States, 333 F.3d 1295 (Fed.Cir.2003) (en banc), which left the matter unresolved.
In contrast, other panel decisions have correctly interpreted § 2501 as a statute of limitations, not a jurisdictional limit on the Court of Federal Claims. See Venture Coal Sales Co. v. United States, 370 F.3d 1102, 1105 n. 2 (Fed.Cir.2004) (“The most precise ground for the trial court’s decision here therefore would seem to be that Venture Coal failed to make its claim within the required limitations period — that is not a question of subject matter jurisdiction of the” Court of Federal Claims); Ariadne Fin. Servs. Pty. Ltd. v. United States, 133 F.3d 874, 878 (Fed.Cir.1998) (“the question of a time bar on [plaintiffs] claim does not affect the subject matter jurisdiction of the Court of Federal Claims”); Henke v. United States, 60 F.3d 795, 798 n. 3 (Fed.Cir. 1995) (“The raising of the statutory bar to a remedy does not, as such, deprive the court of jurisdiction to hear the cause in the first instance. Indeed, the court could not adjudicate the question of the proper application of the statute if it did not have subject matter jurisdiction over the claim”); Borough of Alpine v. United States, 923 F.2d 170, 171 n. 1 (Fed.Cir. 1991) (despite an untimely filing the “Claims Court has and will continue to have jurisdiction over the subject matter of Contract Disputes Act cases”).
The Supreme Court has, in several recent statements, emphasized that statutes of limitations and time prescriptions are not “jurisdictional.” See Arbaugh v. Y & H Corp., — U.S. -, 126 S.Ct. 1235, 1242, 163 L.Ed.2d 1097 (2006) (stating that the Court has established that time prescriptions are not jurisdictional); Day v. McDonough, — U.S.-, 126 S.Ct. 1675, 1681,164 L.Ed.2d 376 (2006) (“A statute of limitations defense, the State acknowledges, is not ‘jurisdictional,’ hence courts are under no obligation to raise the time bar sua sponte ”) (emphasis in original); Eberhart v. United States, 546 U.S. 12,126 S.Ct. 403, 405, 163 L.Ed.2d 14 (2005) (“They are not ‘jurisdiction[al],’ but are instead ‘claim-processing rules,’ that may be ‘unalterable on a party’s application’ but ‘can nonetheless be forfeited if the party asserting the rule waits too long to raise the point’ ”); Scarborough v. Principi, 541 *1364 U.S. 401, 414, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004) (time prescriptions are “not properly typed ‘jurisdictional’ ”); Kontrick v. Ryan, 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (“Clarity would be facilitated if courts and litigants used the label ‘jurisdictional’ not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court’s adjudicatory authority”).
Thus, the question is whether the statute that sets a six-year limit on claims against the United States has been met on the facts affecting JRS & G. Both the government and JRS & G agree that the statute of limitations has not run. Since it is not “jurisdictional,” it need not be considered sua sponte by this court.
Despite this clear waiver and concession by the government, my colleagues overrule the Court of Federal Claims, reject the position of the government, and hold that the six-year limitations period started to accrue by February 1994 when the EPA erected its first transient security fence. The Court of Federal Claims found that JRS & G had access to and mining use of much of that property until at least the December 1996 Administrative Order, for the EPA soon moved the fence to enclose a smaller area, and also permitted access by JRS & G to mine sand and gravel in parts of the smaller area. The government recognized and testified that JRS & G was not permanently excluded from the property until May 1998. See Defendant’s Response to the Court’s Order of July 7, 2004 (“it appears that it was not until May 1998 ... that plaintiff was clearly and permanently excluded from the AIC [Area of Institutional Controls]”). Nonetheless, my colleagues now rule that since the fence was not entirely removed, the February 1994 exclusion was a permanent taking of the entire area including the area that was used by JRS & G until judicial intervention in 1998.
The Court of Federal Claims applied the Court’s three-part test of Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 435, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982), viz. that a taking occurs only when the property owner has lost the rights to possess, use, and dispose of the property. See, e.g., Boise Cascade Corp. v. United States, 296 F.3d 1339, 1353 (Fed.Cir.2002) (applying the Loretto test). In this case, the Court of Federal Claims found that the three-part test had not been met, except for the permanent wells, because JRS & G retained beneficial use of the property at least until December 1996. No error has been shown in that analysis. On that finding, which must be sustained, the statute of limitations cannot have run.
I am concerned that the court’s position today brings serious imprecision to takings law. My colleagues hold that the entire claim is now barred and that irrevocable limitations accrued as to property that JRS & G continued to use during a period for which a Fifth Amendment claim was conspicuously unavailable. The panel majority cites various actions such as “lawyers’ letters” to support its theory that JRS & G had knowledge that a taking had already occurred in February 1994, maj. op. at 1358, although the effect of the letters was the removal of the fence. The question before the Court of Federal Claims was whether a compensable taking occurred in February 1994 as to the property that was restored to use by JRS & G until at least December 1996. When that court’s findings as to the extent of this access and use are reviewed on the appropriate standard of appellate review, the findings must be sustained.
Thus I would affirm the holding of the Court of Federal Claims that the limita *1365 tions period had not accrued in 1994, and would reach the merits of the takings claim. On the merits, I would affirm that JRS & G is not entitled to compensation for a larger land area than measured by the permit wells, for JRS & G was aware of the landfill when it took the leasehold. I would affirm the Court of Federal Claims on this ground.