NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5111

GLEN L. EATON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant- Appellee.

_____

DECIDED:  December 6, 2006
_____

Before NEWMAN, LOURIE, and BRYSON, Circuit Judges.

PER CURIAM.

DECISION

Appellant Glen L. Eaton, a former government contractor, filed this takings action in the Court of Federal Claims, contending that agents of the government took his property without compensation by setting out to, and succeeding in, destroying the value of his company's contracts with the government, his contracting business, his prospects for further contracting work in the future, and his "personal intellectual property and social capital as a government contractor-entrepreneur."  The government moved to dismiss the complaint on several grounds including the statute of limitations. The Court of Federal Claims addressed only the limitations issue and granted the government's motion to dismiss on that ground.  We affirm.

BACKGROUND

Through his company, Eaton Contract Services, Inc., Mr. Eaton entered into three contracts with the Army Corps of Engineers in 1994 and 1995. Those contracts resulted in litigation before the Armed Forces Board of Contract Appeals. The Board granted Mr. Easton recovery for unpaid balances on those contracts, but otherwise granted the government summary judgment on Mr. Eaton's claims, which included claims for the destruction of his business, loss of income, and loss of future profits. In 2004, the parties entered into a settlement agreement reflecting full satisfaction of "any and all remaining matters" involved in those contracts.

Mr. Eaton also filed an action against the government under the Federal Tort Claims Act and a "Bivens action" against certain governmental officials based on asserted governmental misconduct in connection with the Corps of Engineers contracts. Those actions were dismissed for failure to exhaust administrative remedies and on statute of limitations grounds. Mr. Eaton subsequently filed this takings action in the Court of Federal Claims.

The Court of Federal Claims noted that, in order for the March 2006 complaint to be timely, the takings claim must have accrued no later than March 2000. See 28 U.S.C. § 2501 (any claim over which Court of Federal Claims has jurisdiction "shall be barred unless the petition thereon is filed within six years after such claim first accrues"). After analyzing the complaint, the trial court stated that none of the conduct that Mr. Eaton alleged as a basis for his claim occurred after September 1997. The court then noted the following: (1) in his district court tort action, Mr. Eaton asserted that the Corps' actions had resulted in the "destruction of [his] business, the final stages of which began

about February, 1996, and ended with the complete collapse of the business in mid-1997 for the lack of bonding and bank financial support"; (2) in his response to the motion to dismiss the complaint, Mr. Eaton alleged that the government agents' misconduct "from late 1995 to at least September 1997" rendered his contracts worthless; and (3) nowhere in the complaint did Mr. Eaton allege any specific actionable conduct by government officials occurring after September 1997. Under those circumstances, the court concluded, "there can be no question that the government actions complained of and the collapse of plaintiff's business both occurred well before March 2000."

The trial court noted that Mr. Eaton contended that the takings action accrued in January 2004 when the Armed Services Board of Contract Appeals issued its final decision on his appeal. The court rejected that contention, however, on the ground that the Board's action on the contract claims was not legally connected to his takings claim and that the resolution of those contract claims was "not a predicate to this taking action."

Finally, the trial court rejected Mr. Eaton's argument that, even if the takings action accrued earlier than he claimed, the statute of limitations should be tolled and the action should therefore be deemed timely. The court observed that there was no plausible ground offered for tolling the six-year limitations period. Accordingly, the court found that the complaint was untimely filed, and it directed that the complaint be dismissed for want of jurisdiction.

DISCUSSION

Mr. Eaton contends that the trial court erroneously dismissed the complaint based on the statute of limitations.[1]  In neither his complaint nor his pleadings in the trial court, however, did Mr. Eaton refer to any government conduct postdating January 2000 that could form the basis for the accrual of his takings action.  Although he refers to various administrative and judicial rulings in his several lawsuits during the post-2000 period, those rulings were simply dispositions of his various claims against the government and did not themselves constitute a taking.  So far as the complaint indicates, the governmental conduct that constituted the alleged effort to destroy his business all appears to have occurred between 1995 and 1997, culminating in a September 12, 1997, memorandum that, according to Mr. Eaton, "put the icing on [the government's] taking action cake by sealing the destruction of ECS and Plaintiff's properties."  The trial court was therefore correct to conclude that Mr. Eaton's allegations failed to show that the takings action accrued after March 2000.

With respect to Mr. Eaton's alternative claim that the limitations period should be tolled, the trial court correctly concluded that, even assuming the statute of limitations for a Tucker Act action is subject to tolling, Mr. Eaton has failed to show that his case presents circumstances in which tolling would be appropriate.  He contends in part that

---

[1]     Mr. Eaton objects that the trial court dismissed the complaint for lack of jurisdiction rather than for failure to state a claim on which relief could be granted. While there is some ground for dispute as to which is the proper basis for a dismissal of a Tucker Act claim on limitations grounds, see Martinez v. United States, 333 F.3d 1295, 1316 (Fed. Cir. 2003) (en banc) (jurisdiction); Venture Coal Sales Co. v. United States, 370 F.3d 1102, 1105 n.2 (Fed. Cir. 2004) (failure to state a claim), the distinction has no practical effect in this case.  In either event, the dismissal is final and the action is disposed of on limitations grounds for res judicata purposes.

because he was litigating in other forums, his delay in filing his takings action should be excused. In fact, however, he has proceeded from one forum to another, pursuing distinct theories of liability against the government and government officials in an effort to find some theory on which he could obtain relief, either in contract, in tort, through a due process claim or, now, through a takings claim. Absent misleading conduct on the part of the government inducing the litigant to bring suit in the wrong forum, there is no federal policy that would be served by encouraging such sequential litigation asserting legally distinct claims in different forums, all relating to the essentially the same underlying facts. See Arnold v. United States, 816 F.2d 1206, 1312-13 (9th Cir. 1987). Thus, there is no reason to adopt a general rule tolling the limitations period for downstream claims as long as the plaintiff has been litigating related claims in other forums throughout the limitations period.

To the extent that Mr. Eaton contends that the limitations period should be tolled because he was not aware of the basis for his takings action until after March 2000, the trial court addressed that contention directly and rejected it, finding that "prior to the expiration of the limitations period, plaintiff was well aware of the circumstances forming the background to the alleged taking." Mr. Eaton has not shown that determination to be clearly erroneous, and we decline his invitation to overturn it. We therefore sustain the trial court's ruling that Mr. Eaton's takings action is barred by the statute of limitations.