NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5091

JOHN G. BERG,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

William J. Hughes, Jr., Cooper Levenson April Niedelman & Wagenheim, P.A., of Atlantic City, New Jersey, argued for plaintiff-appellant.

Samuel A. Lambert, Attorney, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee.  With him on the brief were Eileen J. O'Connor, Assistant Attorney General and Bruce R. Ellisen, Attorney General. Of counsel was Bethany B. Hauser, Attorney.

Appealed from:  United States Court of Federal Claims

Judge Christine O.C. Miller

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5091

JOHN G. BERG,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: February 6, 2007

_____

Before MICHEL, Chief Judge, NEWMAN and DYK, Circuit Judges.

MICHEL, Chief Judge.

John G. Berg appeals from the dismissal of his complaint by the United States Court of Federal Claims for lack of subject matter jurisdiction. Berg v. United States, No. 05-1060T (Fed. Cl. Apr. 6, 2006). Because the court correctly concluded that Berg's complaint was not timely filed, we affirm.

I.      BACKGROUND

This case revolves around Berg's tax liability for calendar years 1986 and 1989, which was assessed at $179,241.20 and $24,468.80, respectively. In 1991, the Internal Revenue Service ("IRS") audited Berg's tax returns for 1986 through 1989. On April 4, 1991, the IRS agent prepared a Form 4549 to reflect the results of the audit. The report

reflected a $179,241 decrease in tax liability for 1986 as well as an overpayment of $179,241.[1]  According to the government, however, this was an error because Berg never made any payments towards his tax liability for 1986.  With respect to 1989, there was a $99,559 increase in Berg's tax liability, for a total balance of $124,027, plus interest.

On May 20, 1991, in accordance with the audit results, the IRS abated the previously assessed 1986 tax liability and assessed an additional $99,559 for 1989.  Since that time, the IRS has sent Berg numerous notices concerning his outstanding balance.  It also filed federal tax liens on Berg's property on July 8, 1994, June 9, 1995 and January 30, 2004.  In 1998, it applied an overpayment to his 1997 tax liability against his outstanding balance for 1989 in lieu of issuing him a refund.  In 2004, the IRS began levying and seizing Berg's social security payments.

Meanwhile, on April 11, 1995, Berg filed a Form 656, offering to settle his 1989 tax liability for $10; he later submitted a second offer of compromise in February 1999.  The IRS rejected the first offer on August 4, 1995 and the second on July 30, 2002.

On July 12, 2004, Berg filed a complaint in the United States District Court for the Eastern District of Pennsylvania, seeking a writ of mandamus to enforce the "settlement agreement" (namely, the Form 4549) concerning his 1986 tax liability.  He urged the district court to compel the IRS to refund him $45,182.23, i.e., the difference between his overpayment in 1986 and his outstanding tax liability for 1989.

On April 12, 2005, the district court dismissed the case for lack of jurisdiction.  Berg v. Snow, 2005 U.S. Dist. LEXIS 6322 (E.D. Pa. Apr. 12, 2005).  Berg's allegation

---

[1]      Berg contends that he is also owed $76,198 in interest.

that the parties had reached a "settlement" was admitted in the answer. Accordingly, the order noted that "both parties admit to entering into [a] settlement agreement following the 1991 audit." Id. at *3. Because it was a contract claim against the government for an amount over $10,000, however, the district court concluded that the United States Court of Federal Claims retained exclusive jurisdiction. Id. at *6. Berg moved for reconsideration, but the motion was denied.

On October 3, 2005, Berg filed a complaint in the Court of Federal Claims. On April 6, 2006, the court granted the government's motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1). The court held that the government was estopped from arguing that the Form 4549 was not a contract due to its admission in the earlier district court proceeding and applied the six-year statute of limitations set forth in 28 U.S.C. § 2501.[2] Berg, slip op. at 3-4. Even so, Berg's complaint was untimely. The court did not decide when Berg's claim accrued—on April 4, 1991, when the Form 4549 was signed; on May 2, 1991, when the IRS issued its first notice for balance due; or on August 4, 1995, when the IRS rejected his first compromise offer—in any event, more than six years had elapsed before Berg filed his complaint.[3] Id. slip op. at 5. The court specifically rejected Berg's argument that his claim accrued July 17, 2002, when the IRS rejected his second compromise offer. Berg filed a motion for reconsideration, but it was denied on May 22, 2006.

---

[2]    Pursuant to 26 U.S.C. § 6511, a three-year statute of limitations would otherwise apply to the filing of a tax refund claim.

[3]    The court observed that even if Berg's complaint in the Court of Federal Claims had been backdated to July 12, 2004, when his district court complaint was filed, that was still more than six years after August 4, 1995. Berg, slip op. at 6.

Berg filed his notice of appeal on June 5, 2006. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

Whether subject matter jurisdiction exists is question law reviewed de novo. Venture Coal Sales Co. v. United States, 370 F.3d 1102, 1104 (Fed. Cir. 2004). Findings of fact relating to jurisdictional issues are reviewed for clear error. Banks v. United States, 314 F.3d 1304, 1307 08 (Fed. Cir. 2003).

On appeal, Berg has abandoned his argument that his claim accrued on July 17, 2002. Instead, he raises a new argument that his claim did not accrue until February 2004, when the IRS began levying and seizing his social security payments. The government responds that Berg's contract claim, if any, accrued well before 2004—on April 4, 1991 or at the latest by 1998, when his 1997 refund was applied towards his outstanding tax liability for 1989.

Even assuming arguendo that the Form 4549 was a valid settlement agreement, we (like the court below) do not find it necessary to determine exactly when Berg's contract claim accrued. Regardless of whether it accrued in 1991, 1995, or even 1998, more than six years had passed before Berg filed his complaint in 2005. We expressly reject Berg's theory based on the levy and seizure of his social security payments in February 2004. Nor are we persuaded by his anticipatory breach and continuing violation arguments.

We therefore affirm the dismissal of Berg's complaint for lack of subject matter jurisdiction. As such, we need not address the parties' alternative arguments regarding whether the court erred in finding the government collaterally estopped by its earlier

admission that there was a settlement agreement or whether the Form 4549 was, in fact, a settlement agreement.